Howard KLUVER, Plaintiff—Appellant,

v.

G.H. SHEETS, individually and in his former capacity as Chief Inspector; Lawrence Petersen, individually and in his former capacity as Head Administrator; Leonard Grove, individually and in his official capacity; Jerry Leep, individually and in his official capacity; Duane Braaten, individually and in his official capacity; John Paugh, individually and in his official capacity; James Hagenbarth, individually and in his official capacity; George Hammond, individually and in his official capacity; Nancy Espy, individually and in her official capacity; Meg Smith, individually and in her official capacity; Richard Van Blargan, individually and in his capacity as Chief of USDA Inspection and Compliance; Marc Bridges, individually and in his official capacity; Kenneth Lee, individually and in his official capacity; Lee Cornwell, individually and in his official capacity; Thomas Hoffman, individually and in his capacity as Acting Director of Evaluation and Enforcement for the United States Department of Agriculture, Defendants—Appellees.

No. 00–35407.

D.C. No. CV–99–00008–CCL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2001 *.

Decided Dec. 13, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM [**]

Plaintiff Howard Kluver sued various state and federal officials who are involved

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

in regulating the meat industry in Montana. He appeals from the district court's grant of summary judgment to Defendants. On de novo review, we affirm.

## A. *Qualified Immunity*

■ The district court correctly concluded that Defendants were entitled to qualified immunity on Plaintiff's due process and equal protection claims. The facts alleged by Plaintiff, construed in his favor, do not demonstrate violations of federal law. *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).

■ Plaintiff's due process claim fails because he lacked a protected property interest or a protected liberty interest in state meat-inspection services. *Powderly v. Schweiker,* 704 F.2d 1092, 1097 (9th Cir.1983). Furthermore, even assuming that Plaintiff did have a cognizable interest in state meat-inspection services, the Montana Board of Livestock's failure to grant Plaintiff a formal trial-like hearing, instead of the less formal hearing that he received at the Board meeting, did not violate his right to due process. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542–43, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The degree of formality required in a hearing is dictated by the interests at stake and the availability of subsequent proceedings. *Id.* at 545, 105 S.Ct. 1487. Plaintiff had not yet demonstrated that he was entitled to inspection services; the request for additional information was authorized by law; and, were the Board eventually to deny Plaintiff inspection services because of his connection to a felon, it would be required to give him an additional hearing by the terms of 21 U.S.C. § 671. In those circumstances, the informal hearing that Plaintiff received satisfied the requirements of due process.

■ Likewise, the facts alleged by Plaintiff fail to show a violation of federal equal protection rights. Because Plaintiff has not alleged that he is a member of a suspect class or that a fundamental right was burdened, he must show that Defendants' act of requesting additional information bore no rational relationship to a legitimate governmental purpose. *Patel v. Penman,* 103 F.3d 868, 875 (9th Cir.1996). Construed in favor of Plaintiff, the facts show that his application for services was scrutinized more stringently than others' applications and that he was asked to provide more detailed information than other applicants were. However, the facts also demonstrate that the higher burden placed on Plaintiff bore a rational relationship to the legitimate governmental interest in protecting the public from harmful practices in the meat industry. Greater scrutiny was reasonable because Plaintiff had been president of a company from which federal inspection services had been withdrawn because of its connection with a felon. Moreover, the request for information was authorized explicitly by Montana Code Annotated § 81–9–227(1)(e) and was rationally related to the government's interest in determining whether Plaintiff met the statutory requirements for meat inspection services.

## B. *Denial of Continuance*

■ Pursuant to Federal Rule of Civil Procedure 56(f), Plaintiff sought a continuance in order to pursue discovery related to Defendants' qualified immunity defense. However, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery.*" *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (emphasis added).

Here, Defendants moved for summary judgment on the ground that Plaintiff had

not shown violations of clearly established law. As discussed above, that argument was well taken. Accordingly, the district court did not abuse its discretion by denying Plaintiff a continuance to seek discovery.

### C. *Denial of Leave to File Second Amended Complaint*

■ A district court does not abuse its discretion when it denies a plaintiff leave to amend a complaint when the request occurs after "undue delay" or when the complaint untimely alleges a new claim that could have been raised earlier in the proceedings. *Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 120–21 (9th Cir. 1988).

Plaintiff waited until two months after the court heard arguments on the summary judgment motions to attempt to file a second amended complaint. The complaint raised a new retaliation claim, the underlying facts of which Plaintiff knew or should have known by the time he filed his initial complaint. Furthermore, according to the affidavit of Plaintiff's lawyer in support of the motion, the additional facts supporting the amendments to the due process and equal protection claims were available well before the date of the arguments. Plaintiff does not explain why he did not try to file the second amended complaint then. In view of those facts, the district court did not abuse its discretion when it denied Plaintiff leave to file the second amended complaint.

AFFIRMED.